## MEMORANDUM OF POINTS AN AUTHORITIES

## I.  INTRODUCTION

The Defendants have filed a new Motion to Dismiss Plaintiffs' complaint based primarily upon arguments and authorities previously addressed by this Court, and by the Plaintiff in preparing his Complaint.

Defendants base their motion to dismiss Plaintiffs' claims primarily on the two arguments: (1) that by virtue of *San Remo Hotel, L.P. v. City & cnty. Of San Francisco*, the claims made by Plaintiffs in this case are barred by res judicata and collateral estoppel; and (2) that Plaintiffs lack standing to challenge Defendants' Authority to Foreclose. For the reasons set forth in Plaintiffs' response in opposition to Defendants' motion based on those arguments should be denied.

The Defendants continue attempt to set the theme of this case as a "**foreclosure defense**" type case, when in fact this is simply a case of under **Contract Law**, and the Plaintiffs' ongoing attempt to determine the party with appropriate standing to claim an interest in the Note and Deed of Trust that secures the Subject Property located at 3575 Trophy Dr, La Mesa, CA 91941 ("Property").

The Defendants arguments are predicated on the logical fallacy that they have contractual standing to assert rights under the Note and the Deed of Trust.

To the extent the Defendants have utilized the non-judicial foreclosure laws of the State of California to assert standing, such conduct does not create standing.  Such conduct creates damages, and the Plaintiff seeks recovery of those damages.

As is abundantly clear, the Plaintiffs admit that money was and is owed under the Note and Deed of Trust.  The Plaintiffs, however, deny that the Defendants have any standing to demand any right under the Note and Deed of Trust, and den that they were or are owed any money. Defendants are simply third party strangers to the Mortgage and Deed of Trust contracts.

The Plaintiffs have asserted through plausible factual assertions that these Defendants never had STANDING to undertake any action relative to the subject contractual obligations.

The fact that the Plaintiffs owe money to SOMEONE creates no rights to the proceeds of that debt to a complete stranger.

The Plaintiffs has presented plausible factual assertions that the Defendants lack and lacked standing to undertake the actions complained of, and the essence of these assertions is based on Contract, or the lack of any demonstrable standing in the Defendants to assert any rights under the Note and Deed of Trust.

The Defendants persist in requesting Dismissal without leave to amend, which is clearly inappropriate given the very clear mandate of the relevant authority in *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) which clearly state that dismissal without leave to amend should only occur when the complaint could not be saved by ANY amendment. There is no basis in fact to believe or assert that the Plaintiffs' complaint could not be saved by further amendment, and even the Defendants have suggested the amendments they believe would save the complaint.

Where, as here, both the Court and the Defendant haven't previously suggested further amendment or deficiencies. Plaintiffs are ready, willing, and able to further amend the complaint as the Court may deem necessary to allow the Plaintiffs to proceed as against the Defendants.

As before, Plaintiffs have sufficiently pled both plausible and factual allegations as well as legal claims, to enable his complaint to move forward.

Therefore, whether the Plaintiffs' arguments "lacks standing" is not presently a standard of review of the Plaintiffs' complaint, and therefore, the Defendants' arguments in this regard lack present relevance, and to that extent

the Plaintiffs will limit their opposition to the relevant assertions propounded by the Defendants.

## II.   STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (Citation omitted). The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint shall not be dismissed for failure to state a claim unless it appears ***beyond doubt*** that the plaintiff can prove no set of facts in support of her claim which would entitled her to relief." *See Hartford Fire Ins. Co. vs. California* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added);  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).   The purpose of a motion under Federal Rule 12(b)(6) is to test for formal sufficiency of the statement of the claim for relief in the complaint. *See Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See, Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). It is *not* a procedure for resolving a contest about the facts or the merits of the case.

In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiffs are entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Furthermore, more recently the U.S. Supreme Court has held that to survive a motion to dismiss, a complain must contain sufficient factual matter, accepted as true, that would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 55 US 544 (2007).

## III.  LEGAL ARGUMENTS

### A. PLAINTIFFS' COMPLAINT SHOULD NOT BE DISMISSED IN ITS ENTIRETY.

The Defendants offer a sweeping rejection of the Plaintiffs' entire cause of action, and note, without citation or factual reference, that the entire complaint should be dismissed.

Based on the clear mandate of appropriate authorities, dismissal of the entire cause of action is clearly not an appropriate request. *Hartford Fire Ins.*

*Co. vs. California* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added);  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc*., 368 F.3d 1053, 1061 (9th Cir. 2004).

There is ample evidence that the Plaintiffs' complaint can be saved, to the extent necessary, by further amendment.  Leave to do so is certainly requested.

## B. PLAINTIFFS' COMPLAINT IS NOT BARRED BY RES JUDICATA AND/OR COLLATERAL ESTOPPEL

Defendants argue that Plaintiffs' claims in the case at hand are barred by res judicata and collateral estoppel by virtue of case, *San Remo Hotel, L.P. v. City & Cnty. Of San Francisco*; in his opinion, the parties in this case and in *San Remo Hotel* are substantially identical. *San Remo Hotel, L.P. v. City & Cnty. Of San Francisco* does not bar Plaintiffs' claims as res judicata or operate to collaterally estop Plaintiffs' claims, neither does *San Remo Hotel, L.P. v. City & Cnty. Of San Francisco* preclude those.

The Plaintiff has sufficiently pled both plausible and factual allegations as well as legal claims, to enable his complaint to move forward, and there is

no collateral estoppel or Res Judicata that has any effect on the pending proceedings.

The Defendants in the State Court Action are not in any way identical to Defendants on Plaintiffs' Complaint.

This is not the phase in litigation to weigh the merits of the case. In reviewing the sufficiency of the claims asserted, the issue *is not* whether Plaintiffs will ultimately prevail, but whether the Plaintiffs are entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiffs allege that MERS is only the Beneficiary for the Deed of Trust by acting on behalf of the lender as nominee. However, MERS cannot enforce their standing as a Beneficiary in any other security instrument pertaining to Plaintiffs' Property.

Plaintiffs are requesting in their Complaint Cancellation of Instrument, this claim did not exist in State Court Action nor did Declaratory Relief [28 U.S.C. §§ 2201, 2202]; Violation Of California Business And Professions Code Section 17200, Et Seq.; Violation Of 12 U.S.C. § 1818(B); Violation Of 12 U.S.C. § 1867(C)-(D);12 U.S.C. § 4631 against Mortgage Electronic Registration Systems, INC; MERS CORP Holdings, Inc; Gwen Alden and Angela Marie Williams.

No final judgment on the above referred merits was given.

Until Plaintiffs retain counsel they were blind to this wrong doings by Defendants.

Plaintiffs allege in their complaint or about August 25, 2011 a document entitled "Corporate Assignment of Deed of Trust" ("Assignment") executed by MERS against Plaintiffs' property (recorded on September 7, 2011), transferring all beneficial interest to Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11. It was signed and executed by "Gwen Alden" as "Assistant Secretary" for MERS and was notarized the same day by "Angela Marie Williams" in the County of Dakota, State of Minnesota.

Plaintiff alleges on information and belief, that the "Gwen Alden" is not an "Assistant Secretary" or any other employee title registered with MERS and/or MERSCORP.

Plaintiff alleges that "Gwen Alden" is a robo-signer, which is an individual without any corporate and/or legal authority to sign and/or execute corporate and/or legal documents in the capacity of Plaintiff's Property.

Furthermore, on information and belief, Plaintiff alleges that the Notary Public "Angela Marie Williams" has notarized numerous Security Instruments for MERS employees and agents in transferring beneficial interest.

Plaintiff contends that "Angela Marie Williams" should have known illegal activity was occurring every time she notarized a document on behalf of MERS and therefore had a reasonable duty to refuse and/or discontinue notary services to MERS. However, Plaintiff alleges that "Angela Marie Williams" will continue to notarize documents on behalf of MERS that will significantly harm home owners across America.

Defendants Gwen Alden and Angela Marie Williams are part of this action as individuals, Plaintiffs state in their Complaint that Gwen Alden and Angela Marie Williams are liable for their unlawful, unfair, and fraudulent acts and practices.

Accordingly, leave to amend is requested in order to properly establish any cause of action the Court believes may be technically deficient.

### C. <u>PLAINTIFFS HAVE STANDING TO CHALLENGE THE LEGITIMACY OF THE PURPORTED CORPORATE ASSIGNMENT OF DEED OF TRUST</u>

The Plaintiff has alleged by plausible factual assertions that MERS is limited as a nominee for the Lender and only has partial authority that is only reserved in relation to the Deed of Trust and cannot perform duties such as an assignment. Therefore, the "Assignment" is a fraudulent document with no legal force or effect.

The Plaintiffs has alleged, based on the factual record that the Deed of Trust does not convey to the Trustee the power to assign the Note. This is true, and based on a clear reading of the Note and Deed of Trust that do not provide any right to assign the note, and which right is strictly reserved to the Lender, and no one else.

Plaintiffs allege that MERS is only the Beneficiary for the Deed of Trust by acting on behalf of the lender as nominee. However, MERS cannot enforce their standing as a Beneficiary in any other security instrument pertaining to Plaintiffs' Property

Where, as here, the Note remained the property of the original lender then, based on the plausible factual assertions made by the Plaintiff, the Defendants could never have obtained an interest in the note. Defendants attempted but failed to assign or transfer Plaintiff's Note to Deutsche Bank NationalTrust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11. The Defendants have offered no relevant argument to rebut these plausible factual assertions.

     **a. The Plaintiffs have NOT attacked MERS, they have attacked the actions by unauthorized parties who pretend to act on MERS behalf**

Again, as fully discussed above, the Plaintiff do not dispute that MERS has certain powers set forth under the Deed of Trust contract.  This is undisputed. What is denied by the Plaintiff is whether MERS actually undertook the acts set forth in the Complaint.  The Plaintiff has set forth plausible factual assertions that establish that MERS did not in fact undertake the acts purported by the Defendant to have been undertaken by MERS.

Since plausible factual assertions indicate MERS did NOT undertake the assignment in question, then the Plaintiff has established a right to proceed on their claims because the actions of the Defendants are predicated on false and fraudulent documents that create no standing to seek any benefit created in the Note and Deed of Trust contract.

### b.  The Plaintiffs have standing to challenge the Assignment

The existence of the assignment from MERS to Deutsche Bank is the subject of a factual dispute between the parties, and the Plaintiff's Complaint has set forth a plausible factual assertion that MERS did not in fact effect any assignment to Deutsche Bank and that the original Lender First Franklin a Division of Nat. City Bank of In did not in fact effect any assignment to Deutsche Bank.

Defendants' RJN do not provide any evidence of an assignment to Deutsche Bank other than the fraudulent Corporate Assignment from September 07, 2011.

Unless and until there is a factual basis for the Defendants' claims, they are third party strangers, and any debts or contracts that the Plaintiff has contracted are NONE OF THEIR BUSINESS.

The Plaintiffs' complaint is predicated upon the plausible factual assertion that the Defendants are not the successors in interest to the Note and Deed of Trust. It follows that any attempt by a stranger to the transaction to assign an interest in the Note and/or Deed of Trust is without legal force or effect.

For anyone to seriously argue that the Plaintiffs have no standing to challenge a false assignment of their Note and Deed of Trust that has resulted in the payment of thousands of dollars to a false creditor who has thereafter taken steps to sell the Plaintiffs' family home, and thereafter cause them to be forcibly evicted from their family home, is beyond credulity.

The Defendants conveniently refer to the contractual provisions of the Note and Deed of Trust and use these provisions to attempt to legitimize the attempted unauthorized sale of the Plaintiff's property. These arguments are without merit because of the plausible factual assertions set forth in the

Plaintiff's Complaint establish, for purposes of the Defendants' Motion to Dismiss, that it is the DEFENDANTS who have no STANDING to affect any action permitted under the Note or Deed of Trust.

**D. <u>PLAINTIFFS' FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF SHOULD NOT BE DISMISSED SINCE AN ACTUAL CONTROVERSY EXIST BETWEEN PARTIES</u>**

The foundation of Plaintiffs' Complaint is a request that the court determine the rights and obligations of the parties relative to the Property.

Section 2201(a) of Title 28 of the United States Code expressly permits a party to bring a cause of action for Declaratory Relief: "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.* 312 U.S. 270 (1941). The United States Supreme Court further explained:

"A justifiable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot…The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests…It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

Aetna Life Ins. Co. of Hartford Conn. v. Haworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 464 (1937) (citations omitted).

Here, Plaintiffs have alleged an actual case and controversy in connection with all Defendants' actions that are present, ongoing and undoubtedly will continue in the immediate future.

The Defendants have asserted a right to sell the property, and did in fact record documents purporting to sell the property to Defendant APG Fund I, LLC. *See Seattle Audobon Soc'y v. Moseley* 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by an interested party involving an actual controversy that has not reached a stage at which either party may seek a

coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.") MERS still claims an ownership interest in the Property, while the Plaintiffs remain in peaceful possession of their home.

Thus, Defendants wrongs are both past and future, and it is the future behavior in particular from which Plaintiffs seek relief with his claim for declaratory relief.

The Ninth Circuit has explained that while there is no bar to declaratory relief if legal remedies exist, a court's discretion should lead it to refuse to grant declaratory relief unless it would clarity the parties interests or relieve the uncertainty giving rise to the proceeding. *U.S. v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985). The court upheld a declaratory relief claim in a similar action to this one, noting that there was a controversy over whether the assignment of a deed of trust was fraudulent, and the cause of action was not duplicative. *Schafer v. CitiMortgage* 2011 WL 2437267 (C.D. Cal June 15, 2011) at *4.

The Plaintiffs acknowledge that given the other causes of action pending that declaratory relief may be unnecessary IN THE FUTURE, however it would be premature to dismiss the cause of action as this point.

The Defendants have failed to show how a resolution of each of the other claims will necessarily provide all of the requested relief if they are

granted. Further, it remains possible that some or all of Plaintiffs' other claims will not survive to trial, which is the obvious goal of the Defendants – if that occurs, declaratory judgment could serve to clarify the parties' interests.

It is disingenuous for the Defendants to argue here that the Plaintiffs have other adequate remedies at law in a motion that seeks dismissal of the entire case, as well as each and every one of the individual causes of action asserted by the Plaintiffs.

In addition, the Plaintiffs stand ready to further amend the cause of action for Declaratory Relief as may be required by the Court.

The Court should deny the Defendants' Motion to Dismiss the First Cause of Action.

### E. PLAINTIFFS HAVE SUFFICIALY ALLEGED A CLAIM UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

The Unfair Competition Law (UCL) is codified in California Business and Professions Code Section 17200. The UCL prohibits any unlawful, unfair, or fraudulent business practice. The UCL is written in the disjunctive, which means a business act or practice can be alleged to be all or any of the three prongs. *Berryman c. Merit Property Management, Inc.* 152 Cal.App. 4th 1544, 1554 (2007).

Here, Plaintiffs allege Defendants have engaged in practices that are (1) unfair, (2) likely to deceive and (3) unlawful. Defendants have caused to be recorded multiple notices with the County Recorder which the Defendants knew and know contain deliberate misstatements, misrepresentations, and omissions.

Furthermore, Defendants' acts and practices are unlawful, unfair, and fraudulent, and constitute an attempt to obtain through threats and extortion, the Plaintiffs' property (money and home) under threat of imminent loss of their home. This conduct is ongoing and continues to date.

Defendants engage in unfair, unlawful extortive and fraudulent business practices with respect to mortgage loan servicing and related matters by, among other things:

    a.  Executing and recording false and misleading documents;

    b.  Executing and recording documents without legal authority to do so (I.E. The assignment signed by "Gwen Alden: as "assistant secretary" for MERS);

    c.  Failing to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code section 1095;

    d.  Violating the Security First Rule;

e.  Acting as a beneficiary without the legal authority to do so;

f.  Recording an Assignment on the subject property without the legal authority to do so; and

g.  Other deceptive and coercive practices as described herein.

As more fully described above, Defendants' acts and practices are likely to deceive member(s) of the public.

Defendants also engaged in "fraudulent" business practices. To state a claim for fraudulent business practices under section 17200, Plaintiffs needs only demonstrate that "members of the public are likely to be deceived." *Bank of the West v. Sup. Ct.* 2 Cal.4th 1254, 1267 (1992) citing to *Chern v. Bank of America* 15 Cal.3d 866, 876 (1976). Defendants' business pattern, collecting on a debt it has not right to, is extremely likely to deceive both Plaintiff and the public.

A predicate for stating a cause of action under Cal. Bus. & Prof. Code section 17200 the Plaintiffs must, and in this case have, plead facts to support the underlying statutory violation. Assuming the Court will upheld some or all of the Plaintiff's other claims, the section 17200 claim should be upheld under the unlawful prong. See *Vogan v. Wells Fargo Bank, N.A.* 2011 WL 5826016 at *6-7 (upholding section 17200 claim because the court had also upheld claim under the Truth in Lending Act, 15 U.S.C. section 1641(g)).

Plaintiffs allege that Defendant's misconduct is likely to deceive the public based on the Defendant's filings in the records of the County.

The foregoing acts and practices have caused substantial harm to California consumers, including Plaintiffs.

By reason of the foregoing, Defendant(s) have been unjustly enriched and should be required to make restitution to Plaintiffs and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. Code sections 17203 and 17204.

As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiffs have been injured in that a cloud has been placed upon title to Plaintiffs' Property.

## F. PLAINTIFFS' THIRD, FOURTH AND FIFTH CAUSES OF ACTION DOE STATES A CLAIM FOR FEDERAL LAW VIOLATIONS

The Plaintiff's Complaint clearly states a claim for Violation of numerous federal laws, including violations of section 1818(b); 1867(c)-(d); and 4631. Defendants simply allege that Plaintiffs lack standing to assert a violation and that Plaintiffs claims are meritless.

Plaintiffs alleges in their Complaint Plaintiff alleges that Defendants are engaging or have engaged, or the agency has reasonable cause to believe that the depository institution or any institution-affiliated party is about to engage,

in an unsafe or unsound practice in conducting the business of such depository

institution, specifically MERS in transferring beneficial interest in the

Assignment.

Plaintiffs allege in their Complaint that Defendants, specifically MERS

and MERSCORP has violated the regulations & stipulations ordered to them

by the FDIC and the OCC in conducting business that is considered unsafe and

unsound.

Defendants are subject to 12 U.S.C. 4631as their business practices is

unsafe and unsound, specifically MERS transferring beneficial interest,

executed in the Assignment, when MERS had no authority to do so.

As a direct and legal consequence if the above actions, Plaintiffs have

been damaged in a sum to be proven at trial.

In addition, the Plaintiffs stand ready to further amend their causes of

actions as may be required by the Court.

### G. PLAINTIFFS' SIXTH CAUSE OF ACTION CANCELLATION OF INSTRUMENT SHOULD NOT BE DISMISSED

Plaintiffs have provided  facts to support their claim and Plaintiffs have

alleged grounds which entitle them to such relief.

Defendants cannot allege tender because they have not prove a clear

ownership of chain of Title. Defendants own liens on the property; however

Defendants do not own the Title of Plaintiffs' property. Plaintiffs have mention they will provide payments to the original lender not to third party strangers to the Mortgage and Deed of Trust contracts and note.

Defendant MERS has and had no right to undertake the benefits conferred under the Note and Deed of Trust, therefore the execution and recording of the document identified above was without legitimacy, force or effect.

If the above documents are not cancelled, the Plaintiffs face the loss of title and possession of his property, additional pecuniary damages, and emotional distress.

Defendant MERS knew at the time it executed or caused to be executed the above document that it was not entitled to execute same, and that it had no legitimate, demonstrable, or actual right title or interest in the relevant Note and Deed of Trust, but executed and recorded the documents nonetheless.

Plaintiffs therefore request the Defendant be ordered to deliver the subject documents to the Clerk for cancellation.

IV.   **CONCLUSION**

The Plaintiffs' Complaint is well-pled and allows the Court to infer more than the mere possibility that Plaintiffs are entitled to relief; in fact, when the Court accepts the factual allegations as true the Court can make a "reasonable

inference" that Defendants have engaged in misconduct for which they may be liable. Although Defendants do allege "factual" disputes in their Motion and argue that factual assertions lack "merit" and lack "standing", this is not sufficient to support this motion to dismiss, because while the Defendant argues the Plaintiffs' assertions lack "merit," lack "standing", the attack does not give rise to the rejection of the Plaintiffs' plausible factual assertions.

The Defendants attack on the Plaintiffs' complaint does not establish that further amendment would be futile, and therefore to the extent the Court may believe any deficiency in the Plaintiffs' complaint exists, the Plaintiffs respectfully request leave to amend their complaint in order that they be allowed to proceed to trial with their claims.

Therefore, Plaintiffs respectfully requests the Court DENY Defendants' Motion in its entirety.


Dated: July 18, 2013                    By:        */s/ Joseph La Costa*

                                        _____
                                        Joseph La Costa
                                        Attorney for Plaintiff,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES