# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO SOBERANIS AND ALEJANDRO VARGAS, as individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 13-CV-1296-H (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |

On July 11, 2013, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Mers Corp Holdings, Inc. ("MERSCORP"), Gwen Alden, and Angela Marie Williams (together with all defendants, "Defendants") filed a motion to dismiss the complaint. (Doc. No. 8.) On July 18, 2013, Plaintiffs Gilberto Soberanis and Alejandro Vargas ("Plaintiffs") filed their opposition to Defendants' motion. (Doc. No. 10.) On August 5, 2013, Defendants filed a reply in support of the motion. (Doc. No. 12.) On August 6, 2013, the Court submitted the matter on the papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 13.) For the following reasons, the Court grants Defendants' motion to dismiss.

///

## Background

**I.     Request for Judicial Notice**

The scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record are properly subject to judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). In addition, under the "incorporation by reference" doctrine, a Court may take judicial notice if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Defendants ask the Court to take judicial notice of the following documents under Rule 201:

(1) Deed of Trust dated May 1, 2006, and recorded with the San Diego County Recorder's Office on May 5, 2006 as Document No. 2006-0317913 (Doc. No. 9, Request for Judicial Notice ("RJN"), Ex. 1);

(2) Notice of Default dated September 4, 2008, and recorded with the San Diego County Recorder's Office on September 5, 2008 as Document No. 2008-0475071 (Id. Ex. 2);

(3) Notice of Trustee's Sale dated December 15, 2009, and recorded with the San Diego County Recorder's Office on December 21, 2009 as Document No. 2009-0701036 (Id. Ex. 3);

(4) Loan Modification Agreement dated May 17, 2010, and recorded with the San Diego County Recorder's Office on October 18, 2010 as Document No. 2010-0550987 (Id. Ex. 4);

(5) Notice of Rescission dated May 21, 2010, and recorded with the San

Diego County Recorder's Office on May 25, 2010 as Document No. 2010-0260520 (Id. Ex. 5);

(6) Assignment of Deed of Trust recorded with the Riverside County Recorder's Office on September 7, 2011 as Document No. 2011-0462398 (Id. Ex. 6);

(7) Substitution of Trustee dated September 2, 2011, and recorded with the San Diego County Recorder's Office on September 15, 2011 as Document No. 2011-0477929 (Id. Ex. 7);

(8) Notice of Default dated September 13, 2011, and recorded with the San Diego County Recorder's Office on September 15, 2011 as Document No. 2011-0477930 (Id. Ex. 8);

(9) Notice of Trustee's Sale dated December 16, 2011, and recorded with the San Diego County Recorder's Office on December 22, 2011 as Document No. 2011-0690113 (Id. Ex. 9);

(10) Chapter 7 Bankruptcy Petition filed in the United States Bankruptcy Court for the Southern District of California on January 30, 2012, as Case No. 12-01068-MM7 (Id. Ex. 10);

(11) Discharge of Debtor entered in the in the United States Bankruptcy Court for the Southern District of California on May 1, 2012, as Case No. 12-01068-MM7 (Id. Ex. 11);

(12) Notice of Trustee's Sale dated January 22, 2013, and recorded with the San Diego County Recorder's Office on January 31, 2013 as Document No. 2013-0066985 (Id. Ex. 12);

(13) Civil Complaint filed on June 20, 2012, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 13);

(14) First Amended Complaint filed on October 25, 2012, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 14);

(15) Opposition to Demurrer to First Amended Complaint filed on February 25, 2013, in the Superior Court of San Diego, East Division, Case No. 37-

2012-00067886-CU-OR-EC (Id. Ex. 15); and

(16) Judgment of Dismissal entered on March 26, 2013, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 16).

After reviewing these documents, the Court concludes that all are subject to judicial notice under Rule 201(b). Marques v. Fed. Home Loan Mortg. Corp., No. 12-1873, 2012 U.S. Dist. LEXIS 173988, at *4 n.1 (S.D. Cal. Dec. 6, 2012) (taking judicial notice of publicly recorded documents, including a deed of trust and a notice of lis pendens, pursuant to Rule 201(b)); Stimac v. Wieking, 785 F. Supp. 2d 847, 849-50 (N.D. Cal. 2011) (taking judicial notice of records of the Southern District of California and the Ninth Circuit pursuant to Rule 201(b)); Nova Info. Sys. v. Premier Operations, Ltd., No. 02-6997, 2003 U.S. Dist. LEXIS 10518, at *3 n.4 (S.D.N.Y. June 20, 2003) (taking judicial notice of an order issued by the Middle District of Florida pursuant to Rule 201(b)). Accordingly, the Court takes judicial notice of exhibits 1 through 16 to Defendants' request for judicial notice.

## II. Factual Background

This action concerns Plaintiffs' mortgage. Plaintiffs purchased the real property located at 3575 Trophy Dr., La Mesa, CA 91941 (the "subject property"), by borrowing $342,400 (the "subject loan") from First Franklin, a division of National City Bank of Indiana ("First Franklin"). (Doc. No. 1. ("Compl.") ¶ 35; RJN Ex. 1.) The deed of trust lists MERS as the nominee beneficiary of the subject loan. (RJN Ex. 1.) The subject loan is secured by the subject property via a recorded deed of trust. (Id.)

On June 1, 2008, Plaintiffs stopped making their loan payments. (See RJN Ex. 2.) On September 5, 2008 a Notice of Default was recorded. (Id.) On December 21, 2009, a notice of trustee's sale was recorded. (Id. Ex. 3.) In May of 2010, Plaintiffs and Wells Fargo Bank, N.A. ("Wells Fargo") entered into a loan modification agreement. (Id. Ex. 4.) On May 25, 2010, a notice of rescission of notice of default was recorded. (Id. Ex. 5.) On September 7, 2011, an assignment of deed of trust was

recorded, referencing the assignment of the subject loan and deed of trust to "Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11." ("Deutsche Bank"). (Id. Ex. 6.) The assignment lists MERS as nominee beneficiary for First Franklin and its successors and assigns. (Id.) On September 15, 2011, a substitution of trustee was recorded, substituting Quality Loan Services ("QLS") as trustee under the deed of trust. (Id. Ex. 7.)

On April 1, 2011, Plaintiffs stopped making their modified loan payments. (Id. Ex. 8.) On September 15, 2011, when Plaintiffs' arrears reached $9,662.45, a second notice of default was recorded. (Id.) On December 22, 2011, a notice of trustee's sale was recorded. (Id. Ex. 9.) The sale was postponed. On January 30, 2012, in response to the pending foreclosure, Plaintiff Soberanis filed for bankruptcy in the U.S. Bankruptcy Court, Southern District of California. (Id. Ex. 10.) The bankruptcy court issued a discharge on May 1, 2012. (Id. Ex. 11.) On January 31, 2013, another notice of trustee's sale was recorded, setting a sale date of February 21, 2013. (Id. Ex. 12.) The sale was postponed and has not taken place.

On June 20, 2012, Plaintiff Soberanis filed a civil action against First Franklin, Wells Fargo, QLS, and Deutsche Bank in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (the "state court action"). (Id. Ex. 13.) Following the demurrers of Wells Fargo, QLS, and Deutsche Bank, Plaintiff Vargas attempted to join in Soberanis' action. (See id. Exs. 14, 15.) On March 26, 2013, the state court entered a judgment of dismissal with prejudice after sustaining the demurrers. (Id. Ex. 16.)

On June 4, 2013, Plaintiffs filed the case before this Court against Defendants MERS, MERSCORP, Alden, and Williams, alleging causes of action for: (1) violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200, et. seq. ("UCL"); (2) violation of 12 U.S.C. § 1818(b); (3) violation of 12 U.S.C. § 18167(c)-(d); (4) violation of 12 U.S.C. § 4631; (5) cancellation of

instruments; and (6) declaratory relief. (Compl.) Defendants move to dismiss Plaintiffs' complaint. (Doc. No. 8.)

## Discussion

### I. Legal Standard on a 12(b)(6) Motion to Dismiss

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting id. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

///

- 6 -

13cv1296

## II. Declaratory Relief

Plaintiffs seek declaratory relief clarifying Defendants' rights in the subject property. (Compl. ¶¶ 110-117.) In particular, Plaintiffs challenge Defendants' authority to foreclose upon the subject property and to assign beneficiary rights under the subject loan. (Id.)

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "Declaratory relief is appropriate when: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).

To the extent Plaintiffs challenge Defendants authority to foreclose on the subject property, Plaintiffs fail to state a claim. Plaintiffs have cited no legal authority compelling Defendants to provide confirmation that they have the right to foreclose. The California statute governing non-judicial foreclosure is codified in the California Civil Code at § 2924 et seq. This statute establishes an exhaustive comprehensive statutory framework governing non-judicial foreclosure sales and covers every aspect of exercise of the power of sale contained in a deed of trust. Moeller v. Lien, 30 Cal. Rptr. 2d 777 (Cal. Ct. App. 1994); I. E. Assocs. v. Safeco Title Ins. Co., 29 Cal. Rptr. 438 (Cal. 1985). California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether a defendant has been authorized by the holder of the note to initiate a foreclosure. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1156-57 (2011). Nor can Plaintiffs challenge Defendants' authority as a "holder in due course" of the note to foreclose, because possession of the note is not required as a precondition to a non-judicial foreclosure under a deed of trust. Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 511-513 (2013). Moreover, Defendants point out that they do not now claim any interest in the property, nor are

they seeking to foreclose on the subject property. (See RJN Exs. 2, 3, 8, 9, 12.) Therefore, the Court must dismiss Plaintiffs' claim for declaratory relief to the extent it is based on Plaintiffs' request for a determination of whether Defendants are authorized to foreclose on Plaintiffs' property. See id.

Further, to the extent Plaintiffs challenge the securitization and assignment of the loan, Plaintiffs' claim fails. Plaintiffs admit that they are not beneficiaries or parties to any assignment or securitization agreement. (Compl. ¶ 82.) As unrelated third parties to the allegedly failed securitization and any other alleged transfers of the beneficial interest under the subject loan and deed of trust, Plaintiffs lack standing to enforce any agreements related to such transactions. Sabherwal v. Bank of New York Mellon, 2013 WL 101407, at *7 (S.D. Cal. Jan 8, 2013); Jenkins, 216 Cal. App. 4th at 514-15 ("[E]ven if any subsequent transfers of the promissory note were invalid, [the borrower] is not the victim of such invalid transfers because her obligations under the note remained unchanged."). Moreover, as the nominee beneficiary under the deed of trust, Defendant MERS actually has standing to foreclose and may assign its beneficial interest to a third party. See Cal. Civ. Code § 2934(a) (authorizing a beneficiary under a deed of trust to substitute the trustee); see also Sabherwal, 2013 WL 101407 at *7; Bascos v. Federal Home Loan Mortg. Corp., 2011 WL 3157063, at *5 (C. D. Cal. 2011); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). Plaintiffs' allegations are therefore invalid as a matter of law, based on the judicially-noticed documents.

Plaintiffs provide no valid basis for seeking declaratory relief. The Court therefore grants Defendants' motion to dismiss Plaintiffs' claim for declaratory relief.

///
///
///
///
///

## III. UCL

Plaintiffs allege that Defendants engaged in an unlawful, unfair, fraudulent and deceptive course of conduct in violation of the UCL. (Compl. ¶¶ 121-136.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A business practice is "unlawful" under § 17200 if it violates an underlying state or federal statute or common law. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 186 (1999). California courts define an "unfair" business practice as either a practice that undermines a legislatively declared policy or threatens competition, or a practice that has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer. Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 736 (9th Cir. 2007); see Cel-Tech, 20 Cal. 4th at 186-87; South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 886 (1999). Conduct is not unfair if it has been specifically permitted by legislature. See Cel-Tech, 20 Cal. 4th at 182-83. Finally, a "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Hall v. Time, Inc., 158 Cal. App. 4th 847, 849 (2008).

To the extent the claims sound in fraud, they are subject to the heightened pleading standards of Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Additionally, "[a] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'" Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting Khoury v. Maly's of California, 14 Cal. App. 4th 612, 619 (1993)); accord Ogilvie v. Select Portfolio Servicing, 2012 WL 4891583, at *8-9 (N.D. Cal. Oct. 12, 2012).

Plaintiffs fail to allege any conduct by Defendants that violated the UCL. To the extent that Plaintiffs base their claims on the allegation that Defendant MERS fraudulently assigned its beneficial interest in the loan, Plaintiffs' fail to state a claim. As the nominee beneficiary under the deed of trust, MERS has standing to foreclose

and may assign its beneficial interest to a third party. See Cal. Civ. Code § 2934(a); see also Sabherwal, 2013 WL 101407 at *7; Bascos., 2011 WL 3157063, at *5; Lane, 713 F. Supp. 2d at 1099. Moreover, Plaintiffs' conclusory allegations of "robo signing" are devoid of factual support. "[W]hen a plaintiff includes vague allegations of 'robo signing' and fails to allege facts setting forth the basis on which the plaintiff is informed and believes such allegations are true, their underlying cause of action fails." Nastrom v. New Century Mortg. Corp., 2012 WL 2090145, at *6 (C.D. Cal. June 8, 2012) (citing Sohal v. Federal Home Loan Mortg. Corp., 2011 WL 3842195, at *5, 8 (N.D. Cal. Aug. 30, 2011)); see also Bascos., 2011 WL 3157063, at *6. Further, the Court should not accept as true allegations that are directly contradicted by judicially noticeable documents. See Watermark Granite La Quinta, LLC v. Am. Int'l Specialty Lines Ins. Co., 2011 U.S. Dist. LEXIS 54835, at *10 (S.D. Cal. May 23, 2011); Gayduchik v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 50561, at *6 (E.D. Cal. Apr. 22, 2010).

Plaintiffs' remaining allegations are conclusory and lack factual support. Moreover, Plaintiffs provide no case authority supporting their claims against Defendants. Although Plaintiffs allege that they have been paying the wrong party on their loan, they do not identify who they have been paying, how long they have been paying, or how much they have been paying. (Compl. ¶ 84.) In short, Plaintiffs' allegations do not specify wrongful conduct by Defendants. None of Plaintiffs' allegations establish a violation of any underlying state or federal statute, or the policy or spirit of any competition law. Conclusory allegations are insufficient to establish a violation of the UCL, especially to the extent they sound in fraud. See Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064-65 (9th Cir. 2008); Kearns, 567 F.3d at 1125; see also Iqbal, 556 U.S. at 678. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' claims under the UCL.

///

## IV. 12 U.S.C. §§ 1818, 1867, and 4631

Plaintiffs allege causes of action pursuant to 12 U.S.C. §§ 1818, 1867, and 4631. Section 1818(b) gives the Office of the Comptroller of the Currency the authority to issue charges against a depository institution for "unsafe or unsound" business practices. 12 U.S.C. § 1818(b). Section 1867(c)-(d) subjects banking institutions to regulations promulgated by the Board of Governors of the Federal Reserve System and the appropriate federal banking agencies. Id. § 1867(c)-(d). Likewise, section 4631 gives the Director of the Federal House Finance Agency the authority to issue rules and regulations and to take appropriate action if the regulated banks fail to follow those rules. Id. § 4631.

Plaintiffs identify no provisions in these statutes providing for a private right of action, and offer no reason for the Court to imply a private right of action under these statutes. The statutes create comprehensive regulatory relationships between banking institutions and federal regulatory agencies. The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others. See Alexander v. Sandoval, 532 U.S. 275, 290 (2001). The statutes focus on the regulatory relationship and do not identify specific classes of individuals they were designed to protect. See id. at 289 (stating "statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons,'" nor do statutes that focus "on the agencies that will do the regulating" confer such rights); see also Reyn's Pasta Bella, LLC v. Visa, U.S.A., 259 F. Supp. 2d 992, 1002 (N.D. Cal. 2003) (holding 12 U.S.C. § 1867, et seq. "bears no indication that Congress intended a private right of action"). Without an express or implied right of action, Plaintiffs can state no claim pursuant to these statutory provisions.

None of these statutes provide for a private right of action and Plaintiffs provide no grounds for the Court to imply a private right of action. Plaintiffs allege no other violations of these statutes or regulations that give rise to a private right of action.

Moreover, Plaintiffs' conclusory allegations merely track the language of the statutes and provide no additional facts actually pertaining to the parties in this case. See Iqbal, 556 U.S. at 678 (holding complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'"). Finally, these statutes are inapplicable to individuals and cannot form the basis of any action against Defendants Alden or Williams. Accordingly, Plaintiffs can allege no claim pursuant to these provisions and the Court dismisses these claims with prejudice.

## V.     Cancellation of Instruments

Plaintiffs bring a claim for "cancellation of instruments." Plaintiffs seek to cancel the Deed of Trust recorded with the San Diego County Recorder's Office as Document No. 2006-0317913 (RJN Ex. 1), and the Assignment of Deed of Trust recorded with the Riverside County Recorder's Office as Document No. 2011-0462398 (RJN Ex. 6). Under California Civil Code § 3412, a "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cancellation is an equitable remedy. Strong v. Strong, 22 Cal. 2d 540, 546 (1943).

Plaintiffs base their claim on the same allegations that Defendants misrepresented their rights to the deed of trust and their authority to assign beneficiary rights. (Compl. ¶¶ 147-53.) The deed of trust lists MERS as the nominee beneficiary. (RJN Ex. 1.) As the nominee beneficiary under the deed of trust, MERS had the authority to foreclose or to assign its beneficial interest to a third party. See Cal. Civ. Code § 2934(a) (authorizing a beneficiary under a deed of trust to substitute the trustee); see also Sabherwal, 2013 WL 101407 at *7; Bascos., 2011 WL 3157063, at *5; Lane, 713 F. Supp. 2d at 1099. Further, "when a plaintiff includes vague allegations of 'robo signing' and fails to allege facts setting forth the basis on which the plaintiff is informed and believes such allegations are true, their underlying cause of action fails." Nastrom, 2012 WL 2090145, at *6 (citing Sohal, 2011 WL 3842195,

at *5, 8). The Court, moreover, should not accept as true allegations that are directly contradicted by judicially noticeable documents. See Watermark Granite La Quinta, 2011 U.S. Dist. LEXIS 54835, at *10; Gayduchik, 2010 U.S. Dist. LEXIS 50561, at *6. Finally, Plaintiffs lack standing to challenge the securitization or assignment of the deed of trust. See Jenkins, 216 Cal. App. 4th at 514-15. Plaintiffs provide no proper grounds to cancel either document. Accordingly, the Court dismisses Plaintiffs' cancellation cause of action.

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion and dismisses the complaint without prejudice. The Court grants Plaintiffs 30 days from the date of this Order to file an amended complaint and cure the noted deficiencies, if they are so able.

**IT IS SO ORDERED.**

DATED: August 8, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT