# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO SOBERANIS AND ALEJANDRO VARGAS, as individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 13-CV-1296-H (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |

On December 10, 2013, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Mers Corp Holdings, Inc. ("MERSCORP"), Gwen Alden, and Angela Marie Williams (together with all defendants, "Defendants") filed a motion to dismiss the second amended complaint. (Doc. No. 29.) On December 16, 2013, Plaintiffs Gilberto Soberanis and Alejandro Vargas ("Plaintiffs") filed their opposition to Defendants' motion. (Doc. No. 36.) On January 14, 2014, Defendants filed a reply in support of the motion. (Doc. No. 37.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the following reasons, the Court grants Defendants' motion.

**I.    Background**

In this Motion, Defendants seek dismissal of the third complaint that Plaintiffs have filed in this mortgage case.

   *A.    Facts*

This action concerns Plaintiffs' mortgage. Plaintiffs purchased the real property located at 3575 Trophy Dr., La Mesa, CA 91941 (the "subject property"), by borrowing $342,400 (the "subject loan") from First Franklin, a division of National City Bank of Indiana ("First Franklin"). (Doc. No. 1. ("Compl.") ¶ 35; RJN Ex. 1.) The deed of trust lists MERS as the nominee beneficiary of the subject loan. (RJN Ex. 1.) The subject loan is secured by the subject property via a recorded deed of trust. (Id.)

On June 1, 2008, Plaintiffs stopped making their loan payments. (See RJN Ex. 2.) On September 5, 2008 a Notice of Default was recorded. (Id.) On December 21, 2009, a notice of trustee's sale was recorded. (Id. Ex. 3.) In May of 2010, Plaintiffs and Wells Fargo Bank, N.A. ("Wells Fargo") entered into a loan modification agreement. (Id. Ex. 4.) On May 25, 2010, a notice of rescission of notice of default was recorded. (Id. Ex. 5.) On September 7, 2011, an assignment of deed of trust was recorded, referencing the assignment of the subject loan and deed of trust to "Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11." ("Deutsche Bank"). (Id. Ex. 6.) The assignment lists MERS as nominee beneficiary for First Franklin and its successors and assigns. (Id.) On September 15, 2011, a substitution of trustee was recorded, substituting Quality Loan Services ("QLS") as trustee under the deed of trust. (Id. Ex. 7.)

On April 1, 2011, Plaintiffs stopped making their modified loan payments. (Id. Ex. 8.) On September 15, 2011, when Plaintiffs' arrears reached $9,662.45, a second notice of default was recorded. (Id.) On December 22, 2011, a notice of trustee's sale was recorded. (Id. Ex. 9.) The sale was postponed. On January 30, 2012, in response to the pending foreclosure, Plaintiff Soberanis filed for bankruptcy in the U.S.

Bankruptcy Court, Southern District of California. (Id. Ex. 10.) The bankruptcy court issued a discharge on May 1, 2012. (Id. Ex. 11.) On January 31, 2013, another notice of trustee's sale was recorded, setting a sale date of February 21, 2013. (Id. Ex. 12.) The sale was postponed and has not taken place.

On June 20, 2012, Plaintiff Soberanis filed a civil action against First Franklin, Wells Fargo, QLS, and Deutsche Bank in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (the "state court action"). (Id. Ex. 13.) Following the demurrers of Wells Fargo, QLS, and Deutsche Bank, Plaintiff Vargas attempted to join in Soberanis' action. (See id. Exs. 14, 15.) On March 26, 2013, the state court entered a judgment of dismissal with prejudice after sustaining the demurrers. (Id. Ex. 16.)

On June 4, 2013, Plaintiffs filed the case before this Court against Defendants MERS, MERSCORP, Alden, and Williams, alleging causes of action for: (1) violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200, et. seq. ("UCL"); (2) violation of 12 U.S.C. § 1818(b); (3) violation of 12 U.S.C. § 18167(c)-(d); (4) violation of 12 U.S.C. § 4631; (5) cancellation of instruments; and (6) declaratory relief. (Doc. No. 1.)

*B.     Procedural History*

On July 18, 2013, Defendants filed a motion to dismiss Plaintiffs' Complaint. (Doc. No. 8.) On August 6, 2013, the Court granted the motion but gave Plaintiffs "30 days from the date of this Order to file an amended complaint and cure the noted deficiencies, if they are so able." (Doc. No. 14 at 13.) On September 5, 2013, Plaintiffs filed a First Amended Complaint. (Doc. No. 15.) On September 24, 2013, Defendants filed a Motion to Dismiss. (Doc. No. 16.) In its Opposition, filed on October 4, 2012, Plaintiffs stated that they had filed the incorrect complaint in error and asked to be permitted to amend the complaint again. (Doc. No. 22.) The Court allowed Plaintiffs to file a Second Amended Complaint. (Doc. Nos. 24, 27.) The Plaintiffs filed a Second Amended Complaint on November 21, 2013. (Doc. No. 28.)

*C.    Request for Judicial Notice*

The scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record are properly subject to judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). In addition, under the "incorporation by reference" doctrine, a Court may take judicial notice if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Defendants ask the Court to take judicial notice of the following documents under Rule 201:

(1)  Deed of Trust dated May 1, 2006, and recorded with the San Diego County Recorder's Office on May 5, 2006 as Document No. 2006-0317913 (Doc. No. 29, Request for Judicial Notice ("RJN", Ex. 1);

(2)  Notice of Default dated September 4, 2008, and recorded with the San Diego County Recorder's Office on September 5, 2008 as Document No. 2008-0475071 (Id. Ex. 2);

(3)  Notice of Trustee's Sale dated December 15, 2009, and recorded with the San Diego County Recorder's Office on December 21, 2009 as Document No. 2009-0701036 (Id. Ex. 3);

(4)  Loan Modification Agreement dated May 17, 2010, and recorded with the San Diego County Recorder's Office on October 18, 2010 as Document No. 2010-0550987 (Id. Ex. 4);

(5)  Notice of Rescission dated May 21, 2010, and recorded with the San Diego County Recorder's Office on May 25, 2010 as Document No. 2010-

|   |      | 0260520 (Id. Ex. 5); |
|---|------|---|

(6) Assignment of Deed of Trust recorded with the Riverside County Recorder's Office on September 7, 2011 as Document No. 2011-0462398 (Id. Ex. 6);

(7) Substitution of Trustee dated September 2, 2011, and recorded with the San Diego County Recorder's Office on September 15, 2011 as Document No. 2011-0477929 (Id. Ex. 7);

(8) Notice of Default dated September 13, 2011, and recorded with the San Diego County Recorder's Office on September 15, 2011 as Document No. 2011-0477930 (Id. Ex. 8);

(9) Notice of Trustee's Sale dated December 16, 2011, and recorded with the San Diego County Recorder's Office on December 22, 2011 as Document No. 2011-0690113 (Id. Ex. 9);

(10) Chapter 7 Bankruptcy Petition filed in the United States Bankruptcy Court for the Southern District of California on January 30, 2012, as Case No. 12-01068-MM7 (Id. Ex. 10);

(11) Discharge of Debtor entered in the in the United States Bankruptcy Court for the Southern District of California on May 1, 2012, as Case No. 12-01068-MM7 (Id. Ex. 11);

(12) Notice of Trustee's Sale dated January 22, 2013, and recorded with the San Diego County Recorder's Office on January 31, 2013 as Document No. 2013-0066985 (Id. Ex. 12);

(13) Civil Complaint filed on June 20, 2012, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 13);

(14) First Amended Complaint filed on October 25, 2012, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 14);

(15) Opposition to Demurrer to First Amended Complaint filed on February 25, 2013, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 15); and

(16) Judgment of Dismissal entered on March 26, 2013, in the Superior Court of San Diego, East Division, Case No. 37-2012-00067886-CU-OR-EC (Id. Ex. 16).

(17) The Order Granting Defendants' Motion to Dismiss, entered on August 8, 2013, in the United States District Court for the Southern District of California, Case No. 13-cv-1296-H_KSC. (Id. Ex.17.)

After reviewing these documents, the Court concludes that all are subject to judicial notice under Rule 201(b). Marques v. Fed. Home Loan Mortg. Corp., No. 12-1873, 2012 U.S. Dist. LEXIS 173988, at *4 n.1 (S.D. Cal. Dec. 6, 2012) (taking judicial notice of publicly recorded documents, including a deed of trust and a notice of lis pendens, pursuant to Rule 201(b)); Stimac v. Wieking, 785 F. Supp. 2d 847, 849-50 (N.D. Cal. 2011) (taking judicial notice of records of the Southern District of California and the Ninth Circuit pursuant to Rule 201(b)); Nova Info. Sys. v. Premier Operations, Ltd., No. 02-6997, 2003 U.S. Dist. LEXIS 10518, at *3 n.4 (S.D.N.Y. June 20, 2003) (taking judicial notice of an order issued by the Middle District of Florida pursuant to Rule 201(b)). Accordingly, the Court takes judicial notice of exhibits 1 through 16 to Defendants' Request for Judicial Notice.

## II. Legal Standard on a 12(b)(6) Motion to Dismiss

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting id. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

**III. Discussion**

The Plaintiffs' Second Amended Complaint articulates a number of legal theories that did not appear in the original Complaint. (Compare Doc. No. 28 with Doc. No. 1.) But it still fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6).

*A. Declaratory Judgment*

Plaintiffs seek declaratory relief clarifying Defendants' rights in the subject property. (Doc. No. 28 ¶¶ 60-73.) In particular, Plaintiffs challenge Defendants' authority to foreclose upon the subject property and to assign beneficiary rights under the subject loan. (Id.)

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "Declaratory relief is appropriate when: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) it will terminate and afford

relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).

To the extent Plaintiffs challenge Defendants authority to foreclose on the subject property, Plaintiffs fail to state a claim. Plaintiffs have cited no legal authority compelling Defendants to provide confirmation that they have the right to foreclose. The California statute governing non-judicial foreclosure is codified in the California Civil Code at § 2924 et seq. This statute establishes an exhaustive comprehensive statutory framework governing non-judicial foreclosure sales and covers every aspect of exercise of the power of sale contained in a deed of trust. Moeller v. Lien, 30 Cal. Rptr. 2d 777 (Cal. Ct. App. 1994); I. E. Assocs. v. Safeco Title Ins. Co., 29 Cal. Rptr. 438 (Cal. 1985). California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether a defendant has been authorized by the holder of the note to initiate a foreclosure. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1156-57 (2011). Nor can Plaintiffs challenge Defendants' authority as a "holder in due course" of the note to foreclose, because possession of the note is not required as a precondition to a non-judicial foreclosure under a deed of trust. Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 511-513 (2013). Moreover, Defendants point out that they do not now claim any interest in the property, nor are they seeking to foreclose on the subject property. (See RJN Exs. 2, 3, 8, 9, 12.) Therefore, the Court must dismiss Plaintiffs' claim for declaratory relief to the extent it is based on Plaintiffs' request for a determination of whether Defendants are authorized to foreclose on Plaintiffs' property. See id.

Further, to the extent Plaintiffs challenge the securitization and assignment of the loan, Plaintiffs' claim fails. Plaintiffs admit that they are not beneficiaries or parties to any assignment or securitization agreement. (Doc. No. 1 ¶ 82.) As unrelated third parties to the allegedly failed securitization and any other alleged transfers of the beneficial interest under the subject loan and deed of trust, Plaintiffs lack standing to enforce any agreements related to such transactions. Sabherwal v. Bank of New York

Mellon, 2013 WL 101407, at *7 (S.D. Cal. Jan 8, 2013); Jenkins, 216 Cal. App. 4th at 514-15 ("[E]ven if any subsequent transfers of the promissory note were invalid, [the borrower] is not the victim of such invalid transfers because her obligations under the note remained unchanged."). Moreover, as the nominee beneficiary under the deed of trust, Defendant MERS actually has standing to foreclose and may assign its beneficial interest to a third party. See Cal. Civ. Code § 2934(a) (authorizing a beneficiary under a deed of trust to substitute the trustee); see also Sabherwal, 2013 WL 101407 at *7; Bascos v. Federal Home Loan Mortg. Corp., 2011 WL 3157063, at *5 ©. D. Cal. 2011); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). Plaintiffs' allegations are therefore invalid as a matter of law, based on the judicially-noticed documents.

Plaintiffs provide no valid basis for seeking declaratory relief. The Court therefore grants Defendants' motion to dismiss Plaintiffs' claim for declaratory relief.

    B.    *Cancellation of a Voidable Contract*

Plaintiffs' second cause of action alleges that the assignment of the deed of trust and substitution of trustee by MERS are void under California Revenue and Tax Code §§ 23304.1 and 23305a. (Doc. No. 28 ¶¶ 74-81.) They state that MERS was operating in the State of California without registering as a foreign corporation to avoid paying taxes to the state. (Id. at ¶ 76.)

California Revenue and Tax Code § 23304.1(b) states:

> (b) If a foreign taxpayer that neither is qualified to do business nor has a corporate account number from the Franchise Tax Board, fails to file a tax return required under this part, any contract made in this state by theat taxpayer during the applicable period specified in subdivision © shall . . . be voidable at the instance of any party to the contract other than the taxpayer.

California courts have routinely recognized that MERS's conduct in California is within the permissible scope for an unregistered foreign corporation and thus is not governed by these provisions of the Tax Code. See Wallace v. Mortgage Electronic Registration Systems, Inc., 2012 WL 94485 at *3 (C.D. Cal. 2012); Hill v. Mortgage

Electronic Registration Systems, Inc., 2012 WL 94476 (C.D. Cal. 2012); Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1195 n.3 (E.D. Cal. 2009). Thus, the Complaint does not state a claim for cancellation of a voidable contract.

*C. Fraud*

In their third cause of action, the Plaintiffs assert that the Defendants are liable for fraud based on allegedly forged signatures on a document assigning the Deed of Trust to Deutsche Bank. (Doc. No. 28 ¶¶ 82-92.)

To state a cause of action for fraud, a plaintiff must allege facts demonstrating "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); © intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997); Bower v. AT & T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011); Perlas v. GMAC Mortg., LLC 187, Cal. App. 4th 429, 434 (2010). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). Under the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), a party must state the circumstances constituting the fraud with particularity. When asserting fraud against a corporation or other business entity, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Wang & Wang LLP v. Banco Do Brasil, S.A., 2007 WL 915232 at *2 (E.D. Cal. 2007) (citing Tarmann v. State Farm Mutual Automobile Insurance Company, 2 Cal. App. 4th 153, 157 (1991)).

Here, the Complaint's assertions of fraud do not meet the standards for specificity that the law requires. Plaintiffs' contentions are conclusory and do not detail the "who, what, when, where, and how" requirements of pleading fraud. Vess v. Ciba-Geicy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Additionally, Plaintiffs have not alleged their actual, justifiable reliance on any alleged representation by Defendants. (Doc. No. 28 ¶¶ 82-92.) Accordingly, Plaintiffs do not state a claim in

1  fraud upon which relief can be granted.

2      D.     *Violation of Business and Professions Code Section 17200 et seq.*

3          Plaintiffs allege that Defendants engaged in an unlawful, unfair, fraudulent and deceptive course of conduct in violation of the UCL. (Compl. ¶¶ 121-136.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A business practice is "unlawful" under § 17200 if it violates an underlying state or federal statute or common law. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 186 (1999). California courts define an "unfair" business practice as either a practice that undermines a legislatively declared policy or threatens competition, or a practice that has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer. Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 736 (9th Cir. 2007); see Cel-Tech, 20 Cal. 4th at 186-87; South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 886 (1999). Conduct is not unfair if it has been specifically permitted by legislature. See Cel-Tech, 20 Cal. 4th at 182-83. Finally, a "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Hall v. Time, Inc., 158 Cal. App. 4th 847, 849 (2008).

         To the extent the claims sound in fraud, they are subject to the heightened pleading standards of Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Additionally, "[a] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'" Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting Khoury v. Maly's of California, 14 Cal. App. 4th 612, 619 (1993)); accord Ogilvie v. Select Portfolio Servicing, 2012 WL 4891583, at *8-9 (N.D. Cal. Oct. 12, 2012).

         Plaintiffs fail to allege any conduct by Defendants that violated the UCL. To the extent that Plaintiffs base their claims on the allegation that Defendant MERS fraudulently assigned its beneficial interest in the loan, Plaintiffs' fail to state a claim.

As the nominee beneficiary under the deed of trust, MERS has standing to foreclose and may assign its beneficial interest to a third party. See Cal. Civ. Code § 2934(a); see also Sabherwal, 2013 WL 101407 at *7; Bascos., 2011 WL 3157063, at *5; Lane, 713 F. Supp. 2d at 1099. Moreover, Plaintiffs' conclusory allegations of "robo signing" are devoid of factual support. "[W]hen a plaintiff includes vague allegations of 'robo signing' and fails to allege facts setting forth the basis on which the plaintiff is informed and believes such allegations are true, their underlying cause of action fails." Nastrom v. New Century Mortg. Corp., 2012 WL 2090145, at *6 (C.D. Cal. June 8, 2012) (citing Sohal v. Federal Home Loan Mortg. Corp., 2011 WL 3842195, at *5, 8 (N.D. Cal. Aug. 30, 2011)); see also Bascos., 2011 WL 3157063, at *6. Further, the Court should not accept as true allegations that are directly contradicted by judicially noticeable documents. See Watermark Granite La Quinta, LLC v. Am. Int'l Specialty Lines Ins. Co., 2011 U.S. Dist. LEXIS 54835, at *10 (S.D. Cal. May 23, 2011); Gayduchik v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 50561, at *6 (E.D. Cal. Apr. 22, 2010).

Plaintiffs' remaining allegations are conclusory and lack factual support. Moreover, Plaintiffs provide no case authority supporting their claims against Defendants. Although Plaintiffs allege that they have been paying the wrong party on their loan, they do not identify who they have been paying, how long they have been paying, or how much they have been paying. (Compl. ¶ 84.) In short, Plaintiffs' allegations do not specify wrongful conduct by Defendants. None of Plaintiffs' allegations establish a violation of any underlying state or federal statute, or the policy or spirit of any competition law. Conclusory allegations are insufficient to establish a violation of the UCL, especially to the extent they sound in fraud. See Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064-65 (9th Cir. 2008); Kearns, 567 F.3d at 1125; see also Iqbal, 556 U.S. at 678. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' claims under the UCL.

//

### E. Cancellation of Instruments

Plaintiffs bring a claim for "cancellation of instruments." Plaintiffs seek to cancel the Deed of Trust recorded with the San Diego County Recorder's Office as Document No. 2006-0317913 (RJN Ex. 1), and the Assignment of Deed of Trust recorded with the Riverside County Recorder's Office as Document No. 2011-0462398 (RJN Ex. 6). Under California Civil Code § 3412, a "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cancellation is an equitable remedy. Strong v. Strong, 22 Cal. 2d 540, 546 (1943).

Plaintiffs base their claim on the same allegations that Defendants misrepresented their rights to the deed of trust and their authority to assign beneficiary rights. (Compl. ¶¶ 147-53.) The deed of trust lists MERS as the nominee beneficiary. (RJN Ex. 1.) As the nominee beneficiary under the deed of trust, MERS had the authority to foreclose or to assign its beneficial interest to a third party. See Cal. Civ. Code § 2934(a) (authorizing a beneficiary under a deed of trust to substitute the trustee); see also Sabherwal, 2013 WL 101407 at *7; Bascos., 2011 WL 3157063, at *5; Lane, 713 F. Supp. 2d at 1099. Further, "when a plaintiff includes vague allegations of 'robo signing' and fails to allege facts setting forth the basis on which the plaintiff is informed and believes such allegations are true, their underlying cause of action fails." Nastrom, 2012 WL 2090145, at *6 (citing Sohal, 2011 WL 3842195, at *5, 8). The Court, moreover, should not accept as true allegations that are directly contradicted by judicially noticeable documents. See Watermark Granite La Quinta, 2011 U.S. Dist. LEXIS 54835, at *10; Gayduchik, 2010 U.S. Dist. LEXIS 50561, at *6. Finally, Plaintiffs lack standing to challenge the securitization or assignment of the deed of trust. See Jenkins, 216 Cal. App. 4th at 514-15. Plaintiffs provide no proper grounds to cancel either document. Accordingly, the Court dismisses Plaintiffs' cancellation cause of action.

F.   *Res Judicata and Collateral Estoppel*

In their motion, Defendants argue that the doctrines of res judicata and collateral estoppel bar the claims in this suit. (Doc. No. 34-1 at 13.) They state that these claims are predicated on the same facts and legal theories as contained in Plaintiffs' previously dismissed action in State Court. (Id.; RJN Ex. 16.) Because the Court concludes that Plaintiffs fail to state a claim upon which relief can be granted in each of their causes of action, the Court need not evaluate Defendants' arguments under the doctrines of res judicata and collateral estoppel.

G.   *Leave to Amend*

Under Ninth Circuit law, "[t]he court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Circuit 2011). Amendment is futile if "it is clear . . . that the complaint could not be saved by any amendment." Id. (quoting Krainski v. Nevada ex. rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010).

Here, it is not clear that amendment would be futile. The Court therefore dismisses this case in its entirety but gives the Plaintiffs leave to amend within 30 days from the date of this Order.

//
//
//
//
//
//
//
//
//

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion and dismisses the complaint without prejudice. The Court grants Plaintiffs 30 days from the date of this Order to file an amended complaint and cure the noted deficiencies, if they are so able.

**IT IS SO ORDERED.**

DATED: January 17, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT